UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDSAY TAYLOR,<br>ELAINE TAYLOR AND<br>JEFFREY TAYLOR<br>     Plaintiffs<br><br>v.<br><br>SALVATORE ERNA AND GODSMACK<br>TOURING, INC.<br>     Defendants | CIVIL ACTION NO. |

## PLAINTIFFS COMPLAINT AND DEMAND FOR TRIAL BY JURY

### INTRODUCTION

1.    This is a negligence action resulting from an automobile accident that occurred on April 11, 2007 when the Defendant Salvatore Erna drove his Hummer, owned by Defendant Godsmack Touring, Inc. into an automobile in which Plaintiff Lindsay Taylor was a rear seat passenger leading to severe brain damage including a prolonged period of being in a coma. The Plaintiffs assert a cause of action against the Defendants based upon their negligence.

### JURISDICTION

2.    The jurisdiction of this Court is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

3.    The matter involves personal injury claims of the Plaintiffs against the Defendants.

4.    The amount in controversy for the plaintiffs exceeds $75,000 exclusive of interest and costs.

### PARTIES

5.    Plaintiff Lindsay Taylor ("Lindsay") is an adult resident of the Commonwealth of Massachusetts residing at 110 Graniteville Road, Chelmsford, MA.

6.    Plaintiff  Elaine Taylor is an adult resident of the Commonwealth of
      Massachusetts residing at 110 Graniteville Road, Chelmsford, MA.  Elaine Taylor
      is Lindsay Taylor's mother.

7.    Plaintiff Jeffrey Taylor is an adult resident of the Commonwealth of
      Massachusetts residing at 110 Graniteville Road, Chelmsford, MA.  Jeffrey
      Taylor is Lindsay Taylor's father.

8.    Salvatore Erna ("Erna") is an adult resident of the State of New Hampshire resign
      at 3 Lancelot Road, Windham, NH.

9.    Godsmack Touring, Inc. ("Godsmack") is a California Corporation with a
      principle place of business of 11755 Wilshire Boulevard, 10th Floor, Los
      Angeles, California.

## GENERAL ALLEGATIONS

10.   On April 11, 2007 at approximately 7:00 p.m., Defendant Erna was operating a
      2006 Hummer H3 with New Hamsphire Registration of "Vampire" ("subject
      vehicle") in the area of Route 93 South and Route 213 East in Methuen, MA..

11.   Defendant Godsmack owned the subject vehicle at the time of the subject
      incident.

12.   Defendant Erna operated the subject vehicle with the permission of Defendant
      Godsmack.

13.   Plaintiff Lindsay was riding in the rear seat of a Toyota Camry with a New
      Hampshire Registration of 847119.

14.   Defendant Erna negligently and carelessly operated the subject vehicle causing it
      to come into contact the Toyota Camry.

15.   As a result of the crash, Lindsay suffered a severe traumatic brain injury that has
      impacted her activities of daily living and her ability to conduct her life in a
      normal fashion.  Said injuries have necessitated inpatient hospitalizations as well
      as continuing and extensive medical care and may very well be permanent.

## Lindsay Taylor v. Salvatore Erna

## COUNT I
### (Negligence)

16.   The Plaintiffs hereby incorporate by reference paragraphs 1 through 15.

17.   Defendant Erna had a duty and responsibility to operate the subject vehicle in a safe manner.

18.   Defendant Erna breached his duty and responsibility on April 11, 2007.

19.   As a direct and proximate result, Lindsay suffered a severe traumatic brain injury that has impacted her activities of daily living and her ability to conduct her life in a normal fashion.  Said injuries have necessitated inpatient hospitalizations as well as continuing and extensive medical care and may very well be permanent.

20.   And the Plaintiff further alleges to have a cause of action in accordance with M.G.L.A. c. 231, § 6D.

WHEREFORE, the Plaintiffs pray judgment and damages of the Defendants herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

### *PLAINTIFFS HEREBY DEMAND TRIAL BY JURY AS TO ALL ISSUES.*

### Lindsay Taylor v. Godsmack Touring, Inc.

### COUNT II
**(Negligence-Agency)**

21.   The Plaintiffs hereby incorporate by reference paragraphs 1 through 20.

22.   Defendant Godsmack, individually and/or through agents, servants, or employees, carelessly, negligently and unskillfully operated, managed and/or controlled the subject vehicle on a public highway.

23.   As a direct and proximate result, Lindsay suffered a severe traumatic brain injury that has impacted her activities of daily living and her ability to conduct her life in a normal fashion.  Said injuries have necessitated inpatient hospitalizations as well as continuing and extensive medical care.

24.   The aforementioned collision was caused solely and exclusively by reason of the negligence of the Defendants, individually and/or through agents, servants, or employees and was caused in no manner whatsoever by any act or failure to act on the part of the Plaintiff.

25.   And the Plaintiff further alleges to have a cause of action in accordance with M.G.L.A. c. 231, § 6D.

WHEREFORE, the Plaintiffs pray judgment and damages of the Defendants herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

***PLAINTIFFS HEREBY DEMAND TRIAL BY JURY AS TO ALL ISSUES.***

**Elaine Taylor and Jeffrey Taylor v. Salvatore Erna and Godsmack Touring, Inc.**

## COUNT III
### (Loss of Consortium)

26.    The Plaintiffs hereby incorporate by reference paragraphs 1 through 25.

27    Elaine Taylor is Lindsay Taylor's mother and Jeffrey Taylor is Lindsay Taylor's father.

28.    As a result of the negligent operation of the Defendant's motor vehicle, said motor vehicle was involved in an accident in which Plaintiff, Jose Garcia, was seriously injured.

29    The aforementioned collision was caused solely and exclusively by reason of the negligence of the Defendant, individually and/or through agents, servants, or employees, and was caused in no manner whatsoever by any act or failure to act on the part of the Plaintiff, Jose Garcia.

30.    As a result of the negligence of the Defendant Erna, the Plaintiffs, Jeffrey and Elaine Taylor have suffered damages, including loss of services, society, companionship, consortium, acts of love and affection, household services, family services, and suffered mental anguish, pain and suffering.

31.    And the Plaintiff further alleges to have a cause of action in accordance with M.G.L.A. c. 231, § 6D.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

***PLAINTIFFS HEREBY DEMAND TRIAL BY JURY AS TO ALL ISSUES.***

Respectfully submitted,
The Taylor family
By Their Attorneys

Andrew M. Abraham, Esq.
BBO No. 631167
Paul K. Baker, Esq.
BBO No. 631221
Baker & Abraham, P.C.
30 Rowes Wharf, Suite 410
Boston, MA 02110
(617)330-1330

Dated: 3-31-08