UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDSAY TAYLOR, ELAINE TAYLOR, and JEFFREY TAYLOR, Plaintiffs, v. SALVATORE ERNA and GODSMACK TOURING, INC., Defendants and Third-Party Plaintiffs, v. ERIC M. SARGENT, Third-Party Defendant. | Civil Action No. 08-10534-DPW **PROPOSED JURY INSTRUCTIONS OF THE DEFENDANTS, SALVATORE ERNA AND GODSMACK TOURING, INC.** |

The defendants, Salvatore Erna and Godsmack Touring, Inc., respectfully request that the following instructions be given to the jury in addition to those customarily given by the Court.

## I GENERAL

1. You should determine the facts based solely on a fair consideration of the evidence. You are to be completely fair and impartial, and you are not to be swayed by prejudice or by sympathy, by personal likes or dislikes, toward either side. You are not to allow yourselves to be influenced because the claims are popular or unpopular with the public.

2. You are not to decide this case based on what you may have read or heard outside of this courtroom. You are not to engage in any guesswork about any unanswered questions that remain in your mind, or to speculate about what the "real" facts might or might not have been. In short, you are to confine your deliberations to the evidence and

      nothing but the evidence.  Commonwealth v. Smith, 387 Mass. 900, 909-10 (1983) (verdict must be based on evidence and not sympathy); Commonwealth v. Fitzgerald, 376 Mass. 402, 424 (1978) (verdict may not be based on sympathy for victim or general considerations); Commonwealth v. Clark, 292 Mass. 409, 411 (1935) (jury should be both impartial and courageous); Commonwealth v. Ward, 28 Mass. App. Ct. 292, 296 (1990) (judge charged "determine the facts ... without prejudice, without fear, without favor; solely from a fair consideration of the evidence .. ..").

3. You are to decide what the facts are solely from the evidence admitted in this case, and not from suspicion or conjecture.

4. It must be clear to you that once you let prejudice or sympathy, or fear or bias interfere with your thinking, there is a risk that you will not arrive at a true and just verdict. Under your oath as jurors, you are to perform your duty of finding the facts without being swayed by bias or prejudice toward either side. The word "verdict" comes from two Latin words meaning "to tell the truth," and that is what the law looks to your verdict to do.

5. In many cases there is an element of sympathy which surrounds the trial.  People involved in the case may be deserving of sympathy, but not in a courtroom and not by a jury, because sympathy is grounded in emotion, and a jury must consider only facts.

6. The courtroom is not the place for sympathy. Even more important, your jury room is not the place for sympathy. When you decide this case, you must decide this case on the basis of the facts as you find them. You must disregard sympathy and emotion, and you must focus on facts and facts alone. You must consider the evidence in a calm, dispassionate, analytical manner.

7. Although you, the members of the jury, are provided with forms which may be filled in to indicate findings as to the percentage of negligence attributable to Salvatore Erna and Eric Sargent, this does not mean that you must find negligence on the part of anyone. You may find that none of the parties were guilty of negligence in the circumstances of this case.

## II  LIABILITY

8. The mere happening of an accident, in and of itself, is not evidence of negligence.  *See*

<blockquote>

Swartz v. General Motors Corp., 375 Mass. 628, 633, 378 N.E.2d 61, 65 (1978); Maher v. General Motors Corp., 370 Mass. 213, 234, 346 N.E.2d 833, 835 (1976); Wardwell v. George H. Taylor Co., 333 Mass. 302, 304, 130 N.E.2d 587, 588 (1955).

</blockquote>

9. The mere fact that an accident happened, standing alone, does not permit the jury to draw the inference that the accident was caused by anyone's negligence. *See* 3 Edward J. Devitt, Charles B. Blackmar & Kevin F. O'Malley, Federal Jury Practice and Instructions, § 80.07 (4th ed. 1987 & Supp. 2003).

10. That a motor vehicle is involved in an accident occurring on a highway does not ordinarily support a finding that its operator was negligent. Conley v. Town Taxi, 298 Mass. 130, 10 N.E.2d 74 (1937).

11. The mere happening of an accident does not establish negligence on part of the defendant, even in a case where the defendant's vehicle strikes the plaintiff's vehicle in the rear. Olofson v. Kilgallon, 362 Mass. 803, 291 N.E.2d 600 (1973).

12. Evidence of rear-end automobile collision without evidence of circumstances under which it happens is not proof of negligence of the operator of either vehicle, and the rule of *res ipsa loquitur* does not apply. Quimby v. Eastern Mass. Street Ry. Co., 333 Mass. 41, 127 N.E.2d 894.

13. The fact that injuries may have occurred and that certain parties are now here in Court should create no inference, and provide no evidence, that anyone may have been negligent in the circumstances. *See* 3 Edward J. Devitt, Charles B. Blackmar & Kevin F. O'Malley, Federal Jury Practice and Instructions, § 80.08 (4th ed. 1987 & Supp. 2003); Borysewicz v. Dineen, 302 Mass. 461, 464, 19 N.E.2d 540, 541 (1939); Tallon v. Spellman, 302 Mass. 179, 182–83, 19 N.E.2d 33, 34–35 (1939).

14. There may be more than one cause of an accident. The plaintiffs are not required to show that Mr. Erna was the only cause of their damages, but they are required to prove that it is more probable than not that Mr. Erna was a substantial contributing cause of their damages.

15. In the absence of evidence that the defendant operated his vehicle at an excessive speed

or was inattentive, or otherwise operating in circumstances indicative that he was negligent, you may not infer that he failed to exercise due care in the operation of his vehicle, that he was negligent in failing to observe or in failing to stop or in driving too fast or too near the plaintiff's car.  *See* Norris v. Lewenson, 2007 Mass.App.Div. 113, 2007 WL 2177895 (Mass.App.Div.)(no inference of negligence where second motorist in four-car collision offered no evidence of fourth motorist's excessive speed or inattention to other motorists or pedestrians, or of any circumstances indicative of fourth motorist's negligence, despite evidence that fourth motorist hit third motorist, who then hit second motorist and second motorist felt a single impact as she was struck by third motorist, where plaintiff conceded that she never saw defendant's car and the fact that she felt a single impact as her car was struck by the third vehicle immediately behind her did not establish any absence of due care in defendant's operation of vehicle.)

16. If you find that Eric Sargent caused an accident that resulted almost immediately in the chain-reaction collision involving all three vehicles, the law considers it to be a single accident and holds the initiating party responsible as a cause of all of the damages.  On the other hand, if there is a break in the chain reaction, or if someone or something unforeseeable intervenes and causes the rest of the damages, then Mr. Sargent is not considered to have caused the subsequent damages, and cannot be held responsible for them.  Slater v. United States Fidelity & Guar. Co., 379 Mass. 801, 805-807, 400 N.E.2d 1256, 1259-1261 (1980).

17. There is no liability for an accident that is unavoidable.  *See* West v. City of Medford, 255 Mass. 266, 151 N.E. 295 (1926); Rotefsky v. Bova, 274 Mass. 23, 174 N.E. 192 (1931).

18. You may not find Mr. Erna negligent if you find that there was nothing to indicate to him that he should have known that the vehicles in front of him would come to a sudden and unexpected stop on the highway.  *See* Foley v. Osgood, 293 Mass. 280, 199 N.E. 742 (1936), *citing*  West v. City of Medford, 255 Mass. 266, 151 N.E. 295; Ellis v. Ellison, 275 Mass. 272, 175 N.E. 502; Costa v. Slade, 281 Mass. 200, 183 N.E. 175.

19. If Mr. Erna was traveling at a reasonable rate of speed and there was nothing to indicate to him that the vehicles traveling in front of him would come to a sudden and unexpected stop, you must find for him, even if he was unable to stop his vehicle in time to avoid hitting the vehicle that stopped suddenly and unexpectedly in front of him.  *See*

Wright v. Carlson, 312 Mass. 584, 45 N.E.2d 840 (1942), *citing* Brown v. Daley, 273 Mass. 432, 435, 173 N.E. 545; Conrad v. Mazman, 287 Mass. 229, 233, 234, 191 N.E. 765; Towle v. Morin, 295 Mass. 583, 4 N.E.2d 348.

20. The direct and proximate cause does not mean that the cause is that which is nearest in time or place to the accident. The active efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source is the direct and proximate cause referred to in the cases. *See* Lynn Gas & Elec. Co. v. Meriden Fire Ins. Co., 158 Mass. 570, 575, 33 N.E. 690, 691.

21. One who stops suddenly on a highway without warning is bound to anticipate that such conduct would cause damage of the sort sustained by the plaintiff. If you find that the negligent act of Mr. Sargent in stopping suddenly set in motion a train of events which, unbroken by any new cause, continued as an operative factor down to the time of the accident, you may find that it was the negligence of Mr. Sargent that was the proximate cause of the accident. *See* Stamas v. Fanning, 345 Mass. 73, 185 N.E.2d 751 (1962).

22. In determining whether Mr. Erna's conduct was negligent, you may consider whether there was a sudden emergency which required rapid decision. If there was, you must determine whether Mr. Erna acted as a reasonable person would under similar emergency circumstances. Newman v. Redstone, 354 Mass. 379, 383, 237 N.E.2d 666, 669 (1968).

## III  DAMAGES

23. The plaintiff must prove the extent or amount of their damages.

24. The plaintiffs must prove that physicians' services were necessary and that the charges were reasonable and that medical expenses were causally related to injuries sustained in the accident to permit an award for the medical expenses. Phelps v. MacIntyre, 397 Mass. 459, 464, 491 N.E.2d 1067, 1070 (1986).

25. The jury (is) not bound to believe the testimony of any one medical expert, or indeed the testimony of all the medical experts, even though their testimony was uncontradicted. Dodge v. Sawyer, 288 Mass. 402, 408, 193 N.E. 15, 18–19 (1934).

26. The plaintiff, Lindsay Taylor, must show that the treatment, which is the basis of the medical expenses, did legitimately arise out of the injury in the sense that the treatment rendered by a competent medical doctor was a bona fide effort to alleviate or ameliorate the injury.  Victum v. Martin, 367 Mass. 404, 407, 326 N.E.2d 12, 15 (1975).

27. Even if you find that the injuries testified to by the plaintiff, Lindsay Taylor, as existing at the time of trial, to be causally connected to the accident, you should award no damages for any alleged future impairment of earning capacity or future medical expenses in the absence of medical testimony connecting future impairment or expenses.

28. The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses."  Witnesses who by education and experience have become expert in an area, science, profession, or calling may state their opinions as to relevant and material matters in which they profess to be expert and may also state the reasons for the opinion.  As with all other witnesses, you may give the testimony of any expert witness such weight as you believe it deserves.  You are entitled to consider the expert's appearance, the manner in which [he/she] testifies, the character of [his/her] testimony and the evidence, if any, in conflict with [his/her] conclusions.  You may also consider the witness's education, training, and experience in the area of professed expertise.  As with all witnesses, you should give the testimony of each expert witness such weight, if any, as you may think it deserves.

29. When a case involves a technical issue, a person with special training or experience in that technical field is permitted to give his or her opinion about that technical issue, in order to help you as the jury.  Merely because a witness has expressed an opinion, however, does not mean that you must accept that opinion.   In the same way as with any other witness, it is up to you to decide whether to rely on it.   You may accept it or reject it, and give it as much weight as you think it deserves.   In making your assessment, you may consider the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

    *See Commonwealth v. Montecalvo, 367 Mass. 46, 54, 323 N.E.2d 888, 893 (1975); Commonwealth v. Costa, 360 Mass. 177, 183, 274 N.E.2d 802, 806 (1971); Commonwealth v. Smith, 357 Mass. 168, 178, 258 N.E.2d 13, 19-20 (1970).*

30. When a case involves a matter of science or art, requiring special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his or her opinion in order to assist the jury. Merely because a witness has expressed an expert opinion, however, does not mean you must accept that opinion. You may decide that the witness is not credible, or that his or her testimony is not reliable, in part or in whole. If there are conflicts in the testimony of an expert, or between experts, or other evidence, it is your duty to resolve the conflicts and find the truth.

31. The opinions stated by the experts who testified before you were based on particular facts as the expert became familiar with or observed them, and testified to them before you, or as the attorney who questioned the expert asked him to assume. You may reject an expert's opinion if you find the facts in this case to be different from those relied upon by the expert and used by him to form the basis for his opinion. You may also reject his opinion if, after careful consideration of all the evidence in the case, expert and other, you disagree with the opinion, or if you do not find it believable or reliable. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other evidence.

32. You may also consider the expert's background, experience, education and training in deciding whether or not to accept the witnesses' expert opinion, and the expert's reasons for forming the opinion. An expert's opinion is also subject to the same rules concerning reliability as the testimony of any other witness, including credibility. It is given to assist you in reaching a proper conclusion, and deserves such weight as you find it is fairly entitled to receive. In the same way as with any other witness, it is up to you to decide whether to believe and rely on the expert's opinion and testimony. In addition, in deciding whether to believe the expert and accept his or her testimony as reliable, you may also consider how the expert testified, as well as his or her appearance and demeanor on the witness stand, in order to decide whether to accept the testimony. You may accept it or reject it, in part or in whole, and give it as much weight as you think it is fairly entitled to receive. Higgins v. Delta Elevator Service Corp., 45 Mass.App.Ct. 643, 700 N.E.2d 833 (1998).

33. You need not accept an expert's opinion if you do not find those facts on which the expert based his testimony to be true or that the expert's opinion is "unduly speculative or conjectural." *See* Clifford v. Algonquin Gas Transmission Co., 413 Mass. 809, 604 N.E.2d 697 (1992).

34. An expert's opinion on the issue of causation has no probative value if it rests on speculation alone. <u>Mullins v. Pine Manor College</u>, 389 Mass. 47, 449 N.E.2d 331 (1983).

                    Respectfully Submitted,
                    The Defendants,

By:  _____
     Michael W. Gallagher, BBO# 183400
     Jay V. Lee, BBO# 646095
     GALLAGHER & CAVANAUGH LLP
     Boott Cotton Mills
     100 Foot of John Street
     Lowell, MA 01852
     (978) 452-0522

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of November 2009, I served a true copy of this document through the ECF system, sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies to those indicated as non-registered participants.

_____
Jay V. Lee, Esq.