UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDSAY TAYLOR, ELAINE TAYLOR, and JEFFREY TAYLOR, <br>     Plaintiffs, <br><br> v. <br><br> SALVATORE ERNA and GODSMACK TOURING, INC., <br>     Defendants/Third-Party Plaintiffs, <br><br> v. <br><br> ERIC M. SARGENT, <br>     Third-Party Defendant. | DOCKET NO: 2008-10534-DPW |

**PROPOSED REQUESTS OF THE THIRD-PARTY DEFENDANT, ERIC M. SARGENT, FOR JURY INSTRUCTIONS**

In accordance with Rule 51(b) of the Federal Rules of Civil Procedure, the third-party defendant requests that this Court instruct the jury on the law as set forth in the following written requests.

**PARTIES**

**Request No. 1:** This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.[1]

---

1 Federal Jury Instructions, Devitt, Blackmar and Wolf, Civil 71.03

1209882v1

**Request No. 2:**     Although there are two (2) defendants in this action, it does not follow from that fact alone that if one is liable, both are liable.  Each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant.  Unless otherwise stated, all instructions given to you govern the case as to each defendant.[2]

## EVIDENCE

**Request No. 3:**     The evidence in the case consisted of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which you have been judicially noticed, and which I instruct you to take as true for the purposes of this case.  Portions of depositions also were referenced during the trial.  Depositions contain sworn testimony, with counsel for each party being entitled to ask questions.  Deposition testimony may be accepted by you according to the same instructions which apply to witnesses testifying in open court.  Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.  When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.  The court may take judicial notice of certain facts or events.  When the court declares that it will take judicial notice of some fact or event, you must accept that fact as true.  Any evidence as to which an objection is sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.  Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.  Some evidence is admitted for a limited purpose

---

[2] Federal Jury Instructions, Devitt, Blackmar and Wolf, Civil 71.06

1209882v1

only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Request No. 4:** You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witness testified. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experiences and your common sense. As you deliberate, you will not have a written transcript of the testimony to consult, and it is difficult for the court reporter consistently to read back to you lengthy testimony. Accordingly, in large measure, your collective memory of the evidence presented will guide your deliberations.[3]

**Request No. 5:** The attorneys in this case have at times objected to evidence that the attorneys believe to be improper or inadmissible, or have requested conferences with me to discuss such matters. You are not to show any prejudice against an attorney, or his client, for making such objections or requests. In addition, it has come to my attention that, at times, matters that have been discussed at sidebars, the conferences conducted amongst the attorneys and myself, may have been audible to others in the courtroom. If you heard anything during such conferences, you are not to consider it, in any form or fashion, during your deliberations. The evidence which you are to consider is limited to the testimony of the witnesses and the material admitted into evidence, as I have instructed previously.

As you have noticed, from time to time I have made statements to you, the jury, as well as to the attorneys or the various witnesses. Similar to the statements of the attorneys, my

---

3 Federal Jury Instructions, Devitt, Blackmar and Wolf, Civil 70.03

1209882v1

statements are not evidence, and should not be considered as such..[4]  There also have been occasions on which I have asked questions of the various witnesses who have presented testimony.  Again, similar to the situation involving the attorneys, my questions are not evidence and should not be considered as such.  Furthermore, you are not to weigh the witnesses' responses to my questions more heavily just because the questions were posed by me; instead, you are to treat their responses to my questions just as you would any other piece of evidence, which you are to evaluate and weigh as you deem appropriate.

You also are not to read into these instructions, or anything else that I have said or done, in such a manner so as to infer a suggestion from me as to what verdict you should return.  It is your duty to weigh all of the evidence in this case and to base your verdict on that evidence.  If you believe that I have an opinion as to this case, you must disregard that belief in conducting your deliberations and in delivering your verdict.

**Request No. 6:**     There are, generally speaking, two types of evidence from which you properly may make your findings of fact.  One type of evidence is direct evidence – such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.  For example, if you are on the second floor of a building and, in looking outside the window, you see smoke rising, that is direct evidence that there is smoke outside the second floor window.  It is also circumstantial evidence that there is a fire of some sort below the second floor window.

---

[4] Federal Jury Instructions, Devitt, Blackmar and Wolf, Civil 71.11

1209882v1

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[5]

I caution you, however, that although you may rely on circumstantial evidence and draw inferences from such evidence, the inferences must follow, in your mind, rationally and logically from the facts that you find to have been proven. You must be careful to avoid resorting to guesswork or speculation in your deliberations.

## BURDEN OF PROOF

**Request No. 7:** In a civil action, such as this one, the burden is on the plaintiff to prove every essential element of his claims by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's various claims by a preponderance of the evidence in the case, you should find for the defendants as to each such claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all

---

[5] Federal Jury Instructions, Devitt, Blackmar and Wolf, Civil 72.03

1209882v1

witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[6]

As an instructional tool, imagine in your mind a scale that measures the likelihood or probability that something occurred. Put all of the evidence that you have found to be credible on that scale, separating the evidence favoring the plaintiff from that favoring the defendants and also giving each piece of evidence that weight that you deem to be appropriate. If the scale remains even, or if the scale tips against the plaintiff, you have determined that the plaintiff has failed to meet his burden of proof. Only if the scale tips in favor of the plaintiff have you found that the plaintiff has satisfied his burden of proof.

**Request No. 8:** The plaintiff has failed to sustain his burden of proof <u>if</u>, on all the credible evidence, the question of the defendant's liability is left to conjecture, surmise or speculation.[7]

## WITNESSES -LAY

**Request No. 9:** You, as jurors, are the sole judges of the credibility of the witnesses and the sole arbiter of the weight that their testimony deserves. You may employ the tools that you use in everyday determinations of veracity and credibility, and you may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor

---

[6] Federal Jury Instructions, Devitt, Blackmar and Wolf, Civil 72.01
[7] *See* <u>Bigwood</u> v. <u>Boston & Northern Street Railway</u>, 209 Mass. 345, 348 (1911) and <u>Spano</u> v. <u>Wilson Tisdale Co.</u>, 361 Mass. 209 (1972).

1209882v1

or manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.[8]

**Request No. 10:**     Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

---

[8] Federal Jury Instructions, Devitt, Blackmar and Wolf, Civil 73.01

1209882v1

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.[9]

## WITNESSES -EXPERT

**Request No. 11:** The rules of evidence ordinarily permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses, who by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.[10]

## NEGLIGENCE -DEFINITION

**Request No. 12:** Negligence generally is the failure to exercise that degree of care which a reasonable person would exercise in the circumstances. Negligence in its ordinary sense is the

---

9 Federal Jury Instructions, Devitt, Blackmar and Wolf, Civil 73.01
10 Federal Jury Instructions, Devitt, Blackmar and Wolf, Civil 72.08 and *See* <u>Sartor v. Arkansas Natural Gas Corp.</u>, 321 U.S. 620 (1944).

1209882v1

failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances. In this case, you are asked to consider whether the defendants exercised that degree of care which an ordinary, reasonably prudent designer would have exercised in like circumstances.[11]

## NEGLIGENCE - ELEMENTS

**Request No. 13:** In order to recover for negligence against the defendants, the plaintiff must prove by a preponderance of the evidence four essential elements: (1) that the defendants owed a duty to the plaintiff; (2) that the defendants breached that duty; (3) that the plaintiff has suffered injury or damage; and (4) that the defendants' breach of their duty was a proximate cause of the plaintiff's injury or damage.[12]

## DUTY OF CARE

**Request No. 14:** The negligence of the defendants cannot be presumed from the mere fact of the plaintiff's injury. This injury, no matter how tragic or damaging, in and of itself carries no presumption of liability or responsibility on the part of the defendants.[13] The duty owed to the plaintiff by the defendants is one of reasonable care in light of all the circumstances.[14] The

---

11 Morgan v. Lalumiere, 22 Mass. App. Ct. 262, 267 (1986); Beaver v. Costin, 352 Mass. 624, 626 (1967); Altman v. Aronson, 231 Mass. 588, 591 (1919); See, e.g., Fernandes v. Union Bookbinding Co., 400 Mass. 27, (1987); Back v. Wickes Corp., 375 Mass. 633, 643 (1978); Pignone v. Santa Anita Mfg. Corp., 17 Mass. App. Ct. 944 (1983).

12 Quinby v. Boston & M.R.R., 318 Mass. 438, 444, 61 N.E.2d 8533, 858 (1945); Cannon v. Sears, Roebuck & Co., 374 Mass. 739, 742, 374 N.E.2d 582, 584 (1978).

13 Tallon v. Spellman, 302 Mass. 179 (1939); Hathaway v. Chandler & Co., 229 Mass. 92, 94 (1918).

14 Mounsey v. Ellard, 363 Mass. 693, 707 (1973); Leavitt v. Glick Realty Corp., 362 Mass. 370 (1972).

1209882v1

defendants are not held to a standard of perfection. Reasonable care is that degree of care which would reasonably be expected from an ordinarily prudent person in similar circumstances.[15]

## PROXIMATE CAUSE

**Request No. 15:** The plaintiff has the burden of proof of showing that negligence, attributable to the defendants, was responsible for her injury, and she cannot sustain that burden by merely showing negligence by the defendants and injury to her. She must show that the defendants' negligence was the proximate cause of her injury. In other words, she must show that the defendants acted negligently and that without that act, the plaintiff's injury would not have occurred.[16]

**Request No. 16:** One cannot be held liable for negligent conduct unless it is causally related to the injury of the plaintiff.[17]

**Request No. 17:** One cannot be held liable for negligent conduct unless that conduct is a substantial contributing cause of the plaintiff's injury. It means something that makes a difference in the result.[18]

## LEGAL CAUSE

**Request No. 18:** The legal term to describe the causal relationship you must find to hold the defendants liable is called the legal cause. The defendants' actions are the legal cause of the plaintiff's injury if it is a substantial factor in bringing about the harm. Therefore, you must

---

15 Greenfield v. Friedman, 328 Mass. 272, 275 (1951).

16 Todd v. Winslow, 278 Mass. 588 (1932).
17 Wainwright v. Jackson, 291 Mass. 100, 102 (1935); Falvey v. Hamelburg, 347 Mass. 430, 435 (1964); Blair v. Keating, 354 Mass. 771 (1968).
18 O'Connor v. Raymark Industries, Inc., 401 Mass. 586, 591-592 (1988).

1209882v1

determine whether the actions of these defendants was a substantial factor in bringing about the plaintiff's injury.

**Request No. 19:** You may consider the following elements in your determination: (1) the number of other factors which contributed in producing the harm and the extent of the effect which they had in producing it; (2) whether the defendants' conduct continued to be an active force at every instant up to the time of the harm; and (3) the amount of time which lapsed between the defendants' actions and the plaintiff's harm.

**Request No. 20:** It does not matter whether other concurrent causes contributed to the plaintiffs' injury so long as you find that the defendants' actions were a substantial factor in producing them. If the defendants' actions were a substantial factor, then they were the legal cause.[19]

**Request No. 21:** The jury, in finding the cause of the plaintiffs' injury, can only reach conclusions upon facts which have been proven, and by rational inferences drawn from those proven facts.[20]

## DAMAGES

**Request No. 22:** In assessing damages for any future losses of the plaintiffs, you should not consider possible future inflationary trends.[21]

**Request No. 23:** In assessing damages for any future losses of the plaintiffs, the law requires you to reduce these future damages to its "present value" to allow for the interest that will be earned in the future on any verdict rendered today. You must consider the interest that

---

[19] Commonwealth v. Burke, 6 Mass. App. Ct. 696, 699-700 (1978); Altman v. Aronson, 231 Mass. 588, 591 (1919); Young v. Atlantic Richfield Co., 400 Mass. 837, 843 (1987).
[20] Gates v. Boston and Maine Railroad, 255 Mass. 297, 304, 151 N.E. 320 (1926);
[21] Williams v. United States, 435 F.2d 804, 807 (1st Cir. 1970); Johnson v. Penrod Drilling Co., 510 F.2d 234, 236 (5th Cir. 1975), cert. denied 423 U.S. 839 (1975).

will be earned in the future, and reduce any verdict accordingly, so that the plaintiffs will not recover more than the just compensation you determine.[22]

**Request No. 24:**  The clerk, will, if there is an award of money, add interest onto this award at the statutory rate of interest applicable to this case.  The purpose of interest is to compensate the plaintiffs for the loss of use of that money should they be entitled to any money.[23]

**Request No. 25:**  An award by you of monies is not taxable by the state or Federal Government.  Consequently you are not to take into consideration income taxes.[24]

**Request No. 26:**  Damages may only be awarded to the plaintiffs as fair and reasonable compensation for a legal wrong done by the defendants.  The law does not punish anyone because of an accident.  Moreover, damages are not used to reward the plaintiffs.  The plaintiffs must not be made more than whole.[25]

**Request No. 27:**  The elements of damage at issue in this case may include:

*Medical Expenses:*  The reasonable value, not exceeding actual cost to the plaintiffs, of examination and care by doctors and other medical personnel, hospital care and services, medicine and other medical supplies shown by the evidence to have been reasonably required and actually used in treatment of the plaintiff, plus a sum to compensate the plaintiffs for any medical care, medicines and medical supplies which you find are reasonably certain to be required for future treatment of the plaintiffs caused by the defendants' negligence.

---

22 Griffin v. General Motors Corp., 380 Mass. 362, 366-67 (1980)
23 Bernier v. Boston Edison, 380 Mass. 372, 388 (1980).

24 *See* I.R.C. § 104(a)(2) and M.G.L. c. 62, § 2.
25 Newton v. Rockwood & Co., 261 F. Supp. 485 (1966), aff'd 378    F.2d 315 (1st Cir. 1966).

*Pain and Suffering:*  Should you determine that the plaintiffs have proven by a preponderance of the evidence that they incurred pain and suffering, you may award those damages which you believe fairly compensate the plaintiffs for pain and suffering.  However, you must remember in doing so that damages awarded are to fairly and reasonably compensate the plaintiffs and not to punish the defendants.

*Permanent Impairment:*  A sum which will compensate plaintiffs reasonably for any permanent impairment which you find to be proximately caused by the defendants' negligence. Injuries which constitute permanent impairment are those which will impair some member or system of the plaintiff's body for the rest of her life.

> ERIC M. SARGENT,
> By his attorneys:
> **MORRISON MAHONEY LLP**
>
> /s/      *Lee Stephen MacPhee*
> Lee Stephen MacPhee, BBO #312400
> Roy W. Bjorlin, BBO #666704
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500
> lmacphee@morrisonmahoney.com
> rbjorlin@morrisonmahoney.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 12th day of November, 2009.

                                                /s/  *Lee Stephen MacPhee*
                                                Lee Stephen MacPhee, BBO #312400