UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDSAY TAYLOR, ELAINE TAYLOR, and JEFFREY TAYLOR, <u>Plaintiffs</u>, <br><br> v. <br><br> SALVATORE ERNA and GODSMACK TOURING, INC., <u>Defendants</u>. <br><br> v. <br><br> ERIC M. SARGENT <br> <u>Third Party Defendant</u> | Civil Action No. 08-10534-DPW |

JOINT PETITION FOR APPROVAL OF SETTLEMENT
PURSUANT TO G.L. C. 231, §140C ½

I.  INTRODUCTION

Now come the parties who hereby request the Honorable Court, pursuant to G.L. c. 231, §140C ½ to approve the settlement as outlined below. As a preliminary matter, the Court is informed that Elaine Taylor was appointed as a temporary guardian by the Middlesex County Probate Court on December 2, 2009. One of the powers granted is the power to settle the legal dispute.[1]

II.  BRIEF STATEMENT OF THE CASE

*Liability*

The liability in this matter was simple; the defendant Erna was driving his Hummer when he rear ended the car in which Ms. Taylor was a passenger. The Plaintiff

---

[1] The Middlesex Probate Court's appointment is attached as Exhibit 1.

claimed that Mr. Erna was not paying attention and was therefore negligent. The Plaintiff claimed that Mr. Erna's negligence was the proximate cause of the instant crash.

Mr. Erna claimed that part of the responsibility for this accident laid with Eric Sargent, the driver of the vehicle in which Ms. Taylor was a rear seta passenger. Mr. Erna also claimed that the roadway design contributed to this crash.

*Damages*

As a result of the crash, The Plaintiff incurred a severe traumatic brain injury. She was inpatient at the Beth Israel Hospital for 19 days and then transferred to the Spaulding Rehabilitation for one month. She then was transferred home by the end of May where she underwent outpatient therapy until the middle of October.

The Plaintiff alleged that she suffered serious and permanent sequelae as a result of her brain injury. The Plaintiff alleged that she incurred an auditory agnosia, a condition that renders her functionally deaf. The Plaintiff also alleged that she has suffered cognitive impairments in addition to personality/behavioral changes.

The defense conceded that Ms. Taylor suffered an initial severe traumatic brain injury but also alleged that she had made a very substantial recovery and that he recovery would be ongoing. The defense presented testimony that Ms. Taylor had regained a substantial portion of her pre-morbid functioning and that she would likely continue to improve with appropriate therapy.

The defense was expected to argue that Ms. Taylor had a low pre-morbid function. In high school, Ms. Taylor had received special education classes, finished near the bottom of her class and scored a 490 on the SAT exam. From the age of 19 through the accident, when she was 25, she had essentially been unemployed with the exception of working at a laundry mat that he mother had purchased so that she could work. Even then, her mother sold the laundry mat because she testified that it was not working out.

The defense further contended that there was not a drastic change in Lindsay Taylor's life since the crash. Before the crash, she was unemployed, got up about 10:00 a.m. and then hung out with her boyfriend. After the crash, the records contained very similar description of her activities. The defense was expected to argue that Ms. Taylor was able to pass a driving test and was driving regularly.

The main issue between the parties revolved around Ms. Taylor's future health care needs. The Plaintiff presented a life care plan by William Burke, Ph.D. that estimated the future costs at the present value of $8,900,000. The defense presented a life care plan by Jane Mattson, Ph.D. that provided for two options. The first option had a present value of either $1,000,000 with Plan A or $1,400,000 with Plan B.

III.  RELEASE

The terms of the settlement are attached as Exhibit 2.

IV.  PAYMENTS

By way of this settlement, Defendant/Insurer and Third/Party Defendant/Insurer have offered to pay or cause to be paid the following sums to plaintiff:

A.  An immediate cash payment of Three Million Three Hundred Twenty Five Thousand $3,325,000 to be disbursed as follows:

1.  The Total Attorneys Fee is One Million Eight Hundred Eight Thousand Three Hundred and Thirty-One Dollars and Fifty Cents ($1,808,331.50).

2.  The Total Legal Expenses are One Hundred Eighteen Thousand Eight Hundred Eighty Six Dollars and Twenty Three Cents ($118,886.23) [2]

3.  The Beth Israel Deaconess Medical Center shall be reimbursed One Hundred Nineteen Thousand Twenty Three Dollars and Fifty-Nine Cents ($119,023.59).[3]

4.  The Commonwealth of Massachusetts Department of Transitional Assistance shall be reimbursed in the amount of Twenty-Nine Thousand Six Hundred and

---

[2] A Breakdown of expenses is attached as Exhibit 3.
[3] The Beth Israel lien is attached as Exhibit 4.

Twenty Eight Dollars and Nineteen Cents ($29,628.19) in full reimbursement of their lien.[4]

5. Northeast Rehabilitation Hospital shall be reimbursed in the amount of Two Thousand Five Hundred and Five Dollars and Forty-Five Cents ($2,505.45) in full reimbursement of their lien.[5]

6. Radiology-HMFP @ BIDMC[6] shall be reimbursed One Thousand One Hundred and Twenty-Six Dollars ($1,126.00) in full reimbursement of their lien.

7. The Massachusetts Eye and Ear Infirmary shall be reimbursed Nine Hundred Seventy Three Dollars and Fifteen Cents ($973.15) in full reimbursement of their lien.[7]

8. The Lindsay R. Taylor Trust 2009[8] shall receive an upfront payment of One Million Dollars in Cash ($1,000,000)

9. Jeffrey Taylor shall receive One Hundred Seventy Two Thousand Two Hundred Sixty-Three Dollars and Ten Cents ($172,263.10)

10. Elaine Taylor Shall Receive Seventy Two Thousand Two Hundred Sixty-Three Dollars and Ten Cents ($72,263.10)

In addition to the upfront cash payments, the following shall be paid:

> a  Future periodic payments to The Lindsay R. Taylor 2009 Trust ("Payee") on the dates and in the amounts indicated hereafter:
>
>> $4,637.36 per month, guaranteed 5 year(s), beginning on February 15, 2010, increasing at 3% compounding annually. Compounding benefits begin on February 15, 2011. Last payment on January 15, 2015.
>>
>> $5,492.65 per month, guaranteed 14 year(s), beginning on February 15, 2015, increasing at 3% compounding annually. Compounding benefits begin on February 15, 2016. Last payment on January 15, 2029.
>>
>> $9,659.03 per month for life, guaranteed 11 year(s), beginning on February 15, 2029, increasing at 3%

---

[4] The Department of Transitional Assistance Lien is attached as Exhibit 5.
[5] The Northeast Rehabilitation Lien is attached as Exhibit 6.
[6] The Radiology-HMFP @ BIDMC lien is attached as Exhibit 7.
[7] The Mass Eye and Ear Lien is attached as Exhibit 8.
[8] A copy of the Lindsay Taylor Trust is attached as Exhibit 9. A copy of an affidavit from the trustee, Chris Milne is attached as Exhibit 10.

      compounding annually. Compounding benefits begin on February 15, 2030. Last guaranteed payment on January 15, 2040.

  b. Future periodic payments to Elaine Taylor ("Payee") on the dates and in the amounts indicated hereafter:

      $710.70 per month for life, guaranteed 20 year(s), beginning on March 27, 2017. Last guaranteed payment on February 27, 2037.

All such aforementioned guaranteed payments are guaranteed whether or not the Payee survives the payment schedule.

All sums set forth herein constitute damages on account of personal injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

V. ASSIGNMENT:

  For The Lindsay R. Taylor 2009 Trust, the obligation to make periodic payments described herein shall be assigned to Pacific Life & Annuity Services, Inc., MetLife Tower Resources Group, Inc., and PASSCorp ("Assignees"), and funded by an annuity contract issued by Pacific Life & Annuity Company, Metropolitan Life Insurance Company, and The Prudential Insurance Company of America, rated A+XV BY AM BEST ("Annuity Issuers").

  Defendant/Insurer is hereby ordered to issue a check in the amount of $291,156.18 payable to Pacific Life & Annuity Services, Inc, tax identification number 91-2025652; a check in the amount of $676,439.82 payable to MetLife Tower Resources Group, Inc., tax identification number 13-4047186; and a check in the amount of $1,032,404.00 payable to PASSCorp, tax identification number 22-3444614 ($2,000,000.00 combined total) to purchase periodic payments and to execute Releases and Qualified Assignment documents required by the life company to issue policy.

  For Elaine Taylor's structure, the obligation to make periodic payments described herein shall be assigned to MetLife Tower Resources Group, Inc. and funded by an annuity contract issued by Metropolitan Life Insurance Company, rated A+XV BY AM BEST ("Annuity Issuer").

  Defendant/Insurer is hereby ordered to issue a check in the amount of $100,000.00 payable to MetLife Tower Resources Group, Inc., tax identification number 13-4047186, to purchase periodic payments and to execute Releases and Qualified Assignment documents required by the life company to issue policy.

## VI. WHY THE SETTLEMENT IS IN LINDSAY TAYLOR'S BEST INTEREST

Given her premorbid functioning and the level of recovery made by Ms. Taylor, the Plaintiffs feel that settlement is in her best interest. The Plaintiff ran a substantial risk that a jury could award a verdict much smaller than the settlement amount.

## VII. CONCLUSION

For these reasons, the parties request the Honorable Court to approve the settlement as outlined above.

Respectfully submitted,
for the Plaintiffs,

_____
Andrew M. Abraham, Esq., BBO# 631167
Paul K. Baker, BBO#631221
BAKER & ABRAHAM, P.C.
30 Rowes Wharf, Suite 410
Boston, MA 02110
(617) 330-1330

Respectfully submitted,
for the Defendants,

_____
Michael Gallagher, BBO #183400
Jay Lee, Esq., BBO #646095
Gallagher & Cavanaugh, LLP
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522

Respectfully submitted,
for the Third Party Defendant,

*Lee MacPhee (cma) (w/ permission)*
Lee Stephen MacPhee, Esq.  BBO # 312400
Morrison Mahoney, LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500


Dated: December 17, 2009